IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA HALL,                        )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  ) Civil Action No. 10-87
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of February, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff first filed applications for DIB and SSI on November 13, 2006. Plaintiff was denied benefits, and she then filed her second applications for DIB and SSI on June 22, 2007. Plaintiff alleged she was disabled since April 6, 2006, due to bulging discs and neck and back pain. Plaintiff's applications again were denied. At plaintiff's request, an ALJ held a hearing on January 13, 2009, at which plaintiff appeared represented by counsel. On March 27, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on November 24, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has an eleventh grade education, and she has past relevant work experience as a

housekeeper, cashier, machine operator and lumber company laborer, but she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of neck strain, headaches, left posterior disc bulges at T7/8 and T8/9 and minimal left posterior disc bulge at T11/12, as well as cervicalgia and back pain by report, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs. In addition, plaintiff is unable to climb ladders, ropes and scaffolds and perform overhead lifting. Finally, she is precluded from work that involves concentrated exposure to fumes, dust, odor or gases, as well as exposure to loud noises or work place hazards such as moving machinery and unprotected heights (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded

that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an assembler or garment marker sorter. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the

national economy, in light of her age, education, work experience and residual functional capacity. Id. If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. As stated above, at step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) she did not give appropriate weight to the opinions of plaintiff's treating physicians; (2) she did not properly evaluate plaintiff's credibility; and (3) her hypothetical question to the vocational expert did not account for all of plaintiff's limitations. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinions of her treating physicians, Dr.

Tiffany Pluto and Dr. Louis Catalano. Plaintiff is incorrect.

Dr. Pluto was plaintiff's primary care physician. According to plaintiff, Dr. Pluto indicated that she is permanently disabled. See Plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 8) at 10. Plaintiff's characterization of Dr. Pluto's opinion is inaccurate. Although Dr. Pluto noted it was doubtful plaintiff would be able to return to her prior job as a laborer, Dr. Pluto stated plaintiff should consider job retraining. (R. 365). The fact that Dr. Pluto recommended job retraining for plaintiff indicates she did not consider her to be permanently disabled as plaintiff suggests.

Contrary to plaintiff's assertion, the ALJ properly considered Dr. Pluto's opinion and gave it appropriate weight in assessing plaintiff's residual functional capacity. The ALJ stated in her decision that she agreed with Dr. Pluto's assessment that plaintiff is unable to return to her past labor job and she should consider job retraining. (R. 16). Consistent with Dr. Pluto's opinion, the ALJ restricted plaintiff to light work with the additional limitations set forth in the RFC Finding.

The ALJ likewise gave appropriate consideration and weight to the opinion of Dr. Catalano, who was plaintiff's treating neurologist. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2). Under this standard, Dr.

Catalano's opinion was not entitled to controlling weight.

In a July 24, 2007, letter to plaintiff's counsel, Dr. Catalano stated that plaintiff is permanently disabled based on her diagnoses of neck and low back pain, headaches and chronic pain syndrome. (R. 431). Dr. Catalano's conclusory opinion of permanent disability rendered in July 2007 is inconsistent with his own neurologic examination of plaintiff, which was normal, (R. 400), and other medical evidence of record. Although an EEG conducted on plaintiff in October 2006 was considered abnormal, a subsequent EEG in January 2007 was normal. (R. 376, 405). In addition, Dr. Pluto's physical examinations of plaintiff, as well as MRIs of her cervical, lumbar and thoracic spine and brain, were unremarkable. (R. 220-21, 346, 352-54, 358-60, 362-65, 402-03, 521-23). For these reasons, the ALJ properly determined Dr. Catalano's opinion was not entitled to controlling weight.

Plaintiff next claims that the ALJ erred in evaluating her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if she does not find it credible so long as she explains why she is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and she explained why she found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §§404.1529(c)(1)-(3), 416.929(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 14). This court finds that the ALJ adequately explained the basis for her credibility determination in her decision, (R. 15-17), and is satisfied that such determination is supported by substantial evidence.[1]

---

[1] Plaintiff argues that the ALJ's credibility determination was flawed because she questioned plaintiff's reliance on narcotic pain medications and her motivation to work based on her pursuit of an unsuccessful long-term disability claim through Prudential Insurance Company. As stated above, the ALJ engaged in an appropriate credibility analysis by considering the numerous factors outlined in the Regulations. Although it may not have been necessary for the ALJ to speculate about plaintiff's use of narcotic pain medication and her pursuit of a long-term disability claim, the ALJ's comments regarding those matters do not undermine her thorough credibility analysis, which, as stated above, the court finds is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for all of the limitations caused by her impairments. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Gregory G. Paul, Esq.
    Morgan & Paul, PLLC
    409 Broad Street
    Suite 270
    Sewickley, PA 15143

    Michael Colville
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219